**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

United States of America,

v.                                                          Case No. 2:22-cr-202

Clayton Pressley,                                  Judge Michael H. Watson

Defendant.

## OPINION AND ORDER

Clayton Pressley ("Defendant") moves the Court to dismiss the Supervised

Release Violation Petition and Violation Report (together, "Violation Petition") and

to terminate supervised release for lack of jurisdiction.  ECF No. 15.  The

Government opposed, ECF No. 16, and Defendant replied, ECF No. 17.  For the

following reasons, Defendant's motion is **GRANTED IN PART** and **DENIED IN**

**PART**.

Defendant's supervised release term was set to expire on January 13,

2025.  ECF No. 15 at PAGEID # 66; Petition, ECF No. 4.  The Probation

Department, however, issued a Violation Petition on December 31, 2024, after

Defendant was indicted on twelve felonies in the Franklin County Court of

Common Pleas.  Petition, ECF No. 4.  The Court issued an arrest warrant on

January 2, 2025, Warrant, ECF No. 5, and Defendant was detained pending

revocation proceedings, Order, ECF No. 10.  The Court held a final revocation

hearing on January 29, 2025, but continued the same pending resolution of the

Case No. 2:22-cr-202                                          Page 1 of 8

state-court case.  Order, ECF No. 14.  The Court ordered Defendant's release pending the continuance. *Id.*

Because the Violation Petition and arrest warrant issued before Defendant's term of supervised release expired, Defendant concedes that the Court had jurisdiction under 18 U.S.C. § 3583(i) to hold the final revocation hearing on January 29, 2025, to resolve the alleged violations.  Mot. 5, ECF No. 15.  But, he argues, § 3853(i) is not a tolling provision and did not toll the expiration of supervised release.  *See generally*, Mot., ECF No. 15.  So, he continues, the Court had only two options at the January 29, 2025, hearing: revoke supervised release or terminate supervised release. *Id.* at 5.  The Court was without power to continue the final revocation hearing, he maintains, and, so, the Court must now dismiss the Violation Petition for lack of jurisdiction and terminate supervised release. *See generally* Mot., ECF No. 15.

The Government responds that Defendant's position conflicts with the plain language of § 3583(i), which extends the Court's power to resolve previously alleged violations in this circumstance. *See generally*, Resp., ECF No. 16.  It further contends that the cases Defendant relies on are inapposite and that Defendant cannot complain about this process, which he agreed to at the January 29, 2025, hearing. *Id.*

Defendant replies that his term of supervised release was not tolled here and that § 3583(i) extends a court's power to revoke supervised release for only

a "reasonably necessary" time, not indefinitely.  *See generally*, Reply, ECF No. 17.

To resolve the motion, the Court must differentiate between its power to adjudicate the pending alleged violation, on which the Government has the better argument, and the request to terminate Defendant's term of supervised release, on which Defendant has the better argument.

Section 3583(i), titled "Delayed revocation," provides:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Thus, as the Government notes, the question here is not one of tolling, and the cases Defendant cites regarding tolling are inapposite.  Rather, the Court's "power" to revoke Defendant's supervised release has simply been "extend[ed]" notwithstanding the expiration of Defendant's term of supervised release because, before the term expired, the Court issued a warrant on the basis of an alleged violation.  18 U.S.C. § 3583(i).

The Court's power is extended "for any period reasonably necessary for the adjudication of" the violation, and the Court previously concluded that it is reasonably necessary to await resolution of the state-court case.  Other courts have agreed that it is "reasonably necessary" to await the resolution of pending

state-court cases, such that any delay pending said resolution is consistent with § 3583(i).  *E.g.*, *United States v. Peppers*, 138 F.4th 1299, 1312 (10th Cir. 2025) ("Peppers' alleged violations of the conditions of his 2016 term of supervised release were based on the same conduct underlying the drug-trafficking charges that resulted in his 2023 convictions. Under the circumstances presented here, it was not unreasonable for the district court to delay Peppers' supervised release revocation hearing until those pending drug-trafficking charges were resolved." (citation omitted)); *United States v. Iluonokhalumhe*, 788 F. App'x 112, 116 (3rd Cir. 2019) ("When the adjudication of state charges may be relevant to the revocation proceedings, it is reasonable for a district court to postpone the revocation hearing until after the adjudication of those charges." (citing *United States v. Poellnitz*, 372 F.3d 562, 571 (3rd Cir. 2004)); *United States v. Ramos*, 401 F.3d 111, 117–18 (2nd Cir. 2005) ("Requiring a federal court to begin revocation proceedings before the state court has determined whether the defendant is guilty on the charges underlying revocation would thrust the federal court into a determination of the defendant's guilt under state law, an area fundamentally reserved to the states."); *Poellnitz*, 372 F.3d at 571 ("[I]t was reasonable for the District Court to wait for the adjudication of the state court charges before proceeding with the revocation hearing.").  So, the Court's power is "extended" until the Court can resolve the alleged violation after Defendant's state-court case is concluded.

This conclusion is consistent with *United States v. Ossa-Gallegos*, 491 F.3d 537 (6th Cir. 2007), and the other cases that Defendant cites. *See* Mot. 3–5, ECF No. 15 (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *United States v. Merlino*, 785 F.3d 79, 84 (3rd Cir. 2015)[1]; *United States v. Hernandez-Ferrer*, 599 F.3d 63, 67–68 (1st Cir. 2010); *United States v. Madden*, 515 F.3d 601 (6th Cir. 2008); *United States v. Isong*, 111 F.3d 428, 431–32 (6th Cir. 1997); *Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1067 (5th Cir. 1984); *United States v. Yuschak*, Case No. 2:05-cr-237 (S.D. Ohio)).  If anything, *Madden* supports this Court's conclusion because it affirmed a nearly three-year delay between the issuance of a warrant and the final adjudication of the alleged violation.  515 F.3d at 606–07 ("The outcome in those cases, in particular an adjudication of whether Madden had committed crimes during his supervised-release term, was therefore 'plainly relevant to the federal determination of whether or not' Madden had actually violated the conditions of his supervised release." (citation omitted)); *id.* at 608 ("[T]he government is correct in pointing out that the question of tolling is simply not at issue here." (internal quotation marks omitted)).

Importantly, the Court's conclusion is also consistent with the Supreme Court's recent decision on a similar, but distinct, issue.  *See Rico v. United States*, 607 U.S. --, No. 24-1056, 2026 WL 815786 (Mar. 25, 2026).  In *Rico*, the Supreme Court reversed a Ninth Circuit decision wherein the Ninth Circuit had

---

[1] Unlike in *Merlino*, this Court did issue an arrest warrant prior to the expiration of supervised release.

Case No. 2:22-cr-202                                                        Page 5 of 8

held that a term of supervised release is tolled while the releasee absconds from supervision. *Id.* at *3. Unlike what the Ninth Circuit did in *Rico*, however, this Court is neither tolling nor extending Defendant's term of supervised release. Rather, this Court merely invokes § 3583(i), which gives the Court the power to adjudicate the alleged violation that arose *before* Defendant's term expired given that the Court issued a warrant for that violation *before* the term expired. *Id.* at *7 ("The court can do all that, too, even after the defendant's prescribed term of supervised release expires, so long as a warrant or summons issues beforehand." (citing 18 U.S.C. § 3583(i)). Nothing in *Rico* suggests that a continuation of such proceedings until the conclusion of state-court proceedings is not "for [a] period reasonably necessary" or is otherwise prohibited under § 3583(i).

At bottom, the Court retains jurisdiction to adjudicate the pending alleged supervised release violation upon the conclusion of Defendant's state-court case. Defendant's motion to dismiss the Violation Petition for lack of subject-matter jurisdiction is **DENIED**.

Defense counsel is **ORDERED** to file a Notice, every **THIRTY DAYS**, on the status of the state-court proceeding to ensure that the revocation hearing is rescheduled at the earliest possible opportunity.

Importantly, however, Defendant mentions in the concluding paragraph of his reply brief that he has continued to be "saddled with restrictions that came with the unwarranted supervision," such as an inability to travel. Reply 5, ECF

No. 17.  This statement causes concern.  So, the Court expressly **HOLDS** that Defendant's term of supervised release **EXPIRED** on January 13, 2025.  The Court does not view § 3583(i) as extending Defendant's term of supervised release until the Court adjudicates the pending alleged violation; rather, by its plain terms, § 3583(i) extends only the Court's "power" to adjudicate that pending alleged violation notwithstanding the fact that Defendant's term of supervised release has ended.  *Cf. Rico*, 2026 WL 815786, at *4 ("Here, then, the Act speaks directly to what a court may do *after the expiration* of a defendant's judicially ordered term of supervised release.  But (again) the Act bounds a court's authority.  A court may *adjudicate* only 'matters arising before' *the expiration of the defendant's term of supervised release*.  It may do so only if a warrant or summons issued during that term." (emphasis added)); *id.* at *6 ("The court can do all that, too, *even after the defendant's prescribed term of supervised release expires*, so long as a warrant or summons issues beforehand." (citing § 3583(i)) (emphasis added)); *id.* at *7 ("A court may even revoke a defendant's supervised release after his judicially ordered term of supervised release *has expired* so long as a warrant or summons issues before the term ends." (citing § 3583(i)) (emphasis added)).

Given that Defendant's term of supervised release has expired, he is no longer subject to any of the previously imposed conditions.  But, given the above conclusions, the Court retains jurisdiction to adjudicate the alleged violation that accrued *before* the term expired given that the Court issued an arrest warrant

*before* the term expired.  The Court will issue a summons for Defendant's

appearance when the revocation hearing is rescheduled.

The Clerk shall terminate ECF No. 15 as a pending motion.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**